IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| LINDA E. DRAKE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 13-4172-CV-C-ODS-SSA |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## ORDER AND OPINION AFFIRMING
## COMMISSIONER'S FINAL DECISION DENYING BENEFITS

Pending is Plaintiff's appeal of the Commissioner of Social Security's final decision denying her application for disability insurance benefits and supplemental security income. The Commissioner's decision is affirmed.

## I. BACKGROUND

Plaintiff was born April 4, 1970, and has at least a high school education. She alleges disability beginning September 23, 2010, due to multiple strokes, depression, and problems with her vision (uveitis), back, chest, and leg.

A complete summary of the record is not necessary—the following will suffice for purposes of this appeal. On March 14, 2012, Plaintiff saw her treating psychiatrist, Albert Shaw, M.D., who noted that Plaintiff's nightmares were "ok," but she was not sleeping well. R. 467. Plaintiff had been having mood swings, showering less often, and feeling "kind of depressed." R. 467-68. Dr. Shaw noted that Plaintiff's symptoms returned when she ran out of medication. R. 468.

On June 20, 2012, Dr. Shaw completed a Medical Assessment to do Work-Related Activity (Mental). R. 488-500. Among other things, Dr. Shaw noted that Plaintiff's paranoia and agitation prevented her from dealing with others. He noted that Plaintiff had low energy and concentration, poor motivation, slowed thought process,

and a cognitive impairment that prevents her from keeping up with work stress. R. 499. He opined that she had a "poor" ability to relate to co-workers, deal with the public, interact with supervisors, deal with work stresses, and maintain attention and concentration. R. 499. He also stated that her paranoia and mood swings prevent stable interactions with others and that her low energy and motivation from depression caused poor hygiene. R. 500.

The ALJ issued her decision on July 25, 2012. At step one of the five-step sequential process, the ALJ determined Plaintiff had not engaged in substantial gainful activity since September 23, 2010, the amended alleged onset date. R. 14. At step two, she found Plaintiff had the following severe impairments: status post cerebrovascular accident; uveitis; cognitive disorder; major depressive disorder; and anxiety disorder not otherwise specific. R. 14. At step three, the ALJ determined Plaintiff did not have a listed impairment. R. 14. At step four and five, she concluded Plaintiff had the residual functional capacity ("RFC") to:

> [P]erform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except for the following nonexertional limitations that reduce the claimant's capacity for light work: can only occasionally climb ladders, ropes, or scaffolds; can only have occasionally exposure to hazards, such as open water, machinery, and flames; can understand, remember, and carry out short, simple instructions while performing only routine predictable tasks; limited to making only simple decisions; and only occasional contact with the general public and co-workers.

R. 16. Next, the ALJ found based on the vocational expert's testimony, that Plaintiff was unable to perform any past relevant work, but considering her age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform including small products assembler, housekeeper, and electronics assembler. R. 21-22. Finally, the ALJ concluded Plaintiff was not disabled. R. 22.

## II. STANDARD

"[R]eview of the Secretary's decision [is limited] to a determination whether the decision is supported by substantial evidence on the record as a whole. Substantial evidence is evidence which reasonable minds would accept as adequate to support the

Secretary's conclusion. [The Court] will not reverse a decision "simply because some evidence may support the opposite conclusion." *Mitchell v. Shalala*, 25 F.3d 712, 714 (8th Cir. 1994) (citations omitted). Substantial evidence is "more than a mere scintilla" of evidence; rather, it is relevant evidence that a reasonable mind might accept as adequate to support a conclusion. *Gragg v. Astrue*, 615 F.3d 932, 938 (8th Cir. 2010).

III. DISCUSSION

Plaintiff argues the ALJ improperly gave only "some weight" to Dr. Shaw's opinion. This argument is without merit. "While a treating physician's opinion is usually entitled to great weight, the Eighth Circuit has cautioned that it 'does not automatically control, since the record must be evaluated as a whole.'" *Id.* (quoting *Bentley v. Shalala*, 52 F.3d 784, 785-86 (8th Cir. 1995)). Accordingly, a treating physician's opinion can be discounted where other medical assessments are supported by better or more thorough medical evidence, or where a treating physician renders inconsistent opinions that undermine the credibility of such opinions. *Prosch v. Apfel*, 201 F.3d 1010, 1013 (8th Cir. 2000). The ALJ must give "good reasons" for the particular weight given to a treating physician's evaluation. 20 C.F.R. § 404.1527(d)(2).

The Court finds that the ALJ gave good reasons for assigning "some weight" to Dr. Shaw's opinion. First, the ALJ found that some of Dr. Shaw's opinions conflicted with Plaintiff's own reports to her community support specialist ("CSS"), which reduced their persuasiveness. R. 20. For example, Dr. Shaw stated that Plaintiff's paranoia and mood swings prevented her from dealing with others, but she reported to her CSS that she had friends and family visit her home, made trips to St. Louis, visited a water park, met romantic partners, visited friends and family members, celebrated a holiday with family, and had friends stay in her home. R. 20-21, 422, 451, 457, 461, 463, 478, 490. The ALJ was not required to go into greater detail explaining how each of these activities were in conflict with Dr. Shaw's opinion that Plaintiff's impairments prevented her from "dealing with others." Second, the ALJ noted that Plaintiff's "level of consistent functioning," such as meeting a romantic partner and maintaining a relationship, was also inconsistent with Dr. Shaw's opinion that Plaintiff had a problem dealing with

3

others.  R. 21, 490, 492, 494, 496.  Finally, the ALJ noted that Dr. Shaw's opinions "stand alone" with limitations that were not mentioned in his treatment records and were not supported by objective testing or reasoning which would indicate why Plaintiff's functioning needed to be so restricted.  R. 21.  The ALJ noted there was nothing in the record reflecting "a significant history of altercations, evictions, firings, fear of strangers, or avoidance of interpersonal relationships during the alleged period of disability."  R. 15-16.  The Court concludes that the ALJ's decision to assign "some weight" to Dr. Shaw's opinions was supported by substantial evidence on the Record as a whole.

## IV. CONCLUSION

For the aforementioned reasons, the Court affirms the Commissioner's final decision denying benefits.

IT IS SO ORDERED.

DATE: May 28, 2014

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
UNITED STATES DISTRICT COURT